UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>James Dale</u>

   v.                                          Civil No. 16-cv-292-SM

<u>Michelle Goings, Warden,</u>
<u>Northern New Hampshire Correctional Facility</u>

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is respondent's motion to dismiss (Doc. No. 10) James Dale's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Dale has not filed an objection.

**<u>Background</u>**

In July 1997, a six-year-old girl was raped and smothered in her mother's Contoocook, New Hampshire, apartment, in a bedroom she shared with her younger sister. After the incident, the victim's mother, Ruth Knapp, told investigators that she confronted her boyfriend, Richard Buchanan, as he was on top of her daughter, with a pillow over the girl's head, the night the victim died. The state initially charged Buchanan, and then dismissed the charges after DNA evidence ruled him out as a suspect. After further investigation, the state charged James Dale, who had been a tenant in the same apartment building at the time of the rape and murder, and who had left the state in

August 1997.

The case against Dale proceeded to a jury trial in February 1999. The evidence at trial included Dale's confession to a cellmate as well as DNA evidence showing that Dale could not be excluded as the source of the sperm found in and on the victim's body.

The jury convicted Dale, and on March 25, 1999, the court sentenced Dale to a prison term of 40 to 80 years on the murder, and two consecutive, 10 to 20 year terms on the aggravated felonious sexual assault charges. The New Hampshire Supreme Court affirmed Dale's conviction in 2001. See State v. Dale, 146 N.H. 286, 770 A.2d 1111 (2001).

After his conviction was affirmed, Dale filed a state habeas petition. See Doc. No. 10-2, at 27-31. The Superior Court appointed Attorney Brian McEvoy to represent Dale in that proceeding, and Attorney McEvoy asserted claims of ineffective assistance of trial counsel that Dale raised in the § 2254 petition before this court. Cf. Pet'r Request for Findings of Fact and Rulings of Law, Dale v. Coplan, No. 01-E-0459 (filed May 28, 2004) (Doc. No. 10-2, at 33-41). An evidentiary hearing was scheduled in that case on November 23, 2004, at which Attorney McEvoy appeared on Dale's behalf. Dale, who was incarcerated in Pennsylvania at the time, refused to be

transported to a facility to participate in that hearing by video conference. Dale cites advice he received from Attorney McEvoy as a reason he refused transport. Cf. Ltr. to Dale, July 23, 2004 (Doc. No. 7-1, at 1). The Superior Court, noting Dale's refusal to participate, dismissed that case with prejudice. See Dale v. Coplan, No. 01-E-0459 (N.H. Super. Nov. 24, 2004) (Doc. No. 10-2 at 43-44) ("2004 Order"). The New Hampshire Supreme Court declined to accept Dale's appeal of that order, see Dale v. Coplan, No. 2005-0051 (N.H. Mar. 25, 2005), and the U.S. Supreme Court denied Dale's certiorari petition. See Dale v. Coplan, No. 05-6470 (U.S. Nov. 28, 2005).

In September 2013, Dale filed a second state post-conviction proceeding, which he entitled as a motion for a new trial. The Superior Court appointed counsel to represent Dale in that case, and counsel filed a state habeas petition on Dale's behalf in 2014. On January 28, 2015, the Superior Court granted the warden's motion to dismiss that case. See Dale v. Reilly, No. 217-2014-cv-148 (N.H. Super., Merrimack Cnty., Jan. 28, 2015) (Doc. No. 10-6, 16-32) ("2015 Order"). The NHSC did not accept Dale's appeal of the 2015 Order. See Dale v. Warden, No. 2015-0127 (N.H. Apr. 24, 2015) (Doc. No. 10-5, at 1).

Dale's next step was to file this § 2254 petition. In this pro se petition (Doc. No. 1), Dale maintains his innocence of

3

the offenses of which he was convicted, and asserts claims of ineffective assistance of counsel. Dale's claims are summarized and renumbered as follows:

> 1. Dale's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel at trial, in that:
>
>     A. Trial counsel failed to call Ruth Knapp as a witness, who would have testified that she saw Buchanan commit the crime.
>
>     B. Trial counsel failed to call the victim's younger sister as a witness.
>
>     C. Trial counsel failed to meaningfully challenge the DNA evidence, in that: (i) counsel withdrew a motion to exclude that evidence before trial; and (ii) counsel failed to cross-examine the state's expert on issues that could undermine the impact of such evidence, relating to the methodology used, the possibility of human error, the risk of contamination, the detection limits, and bias.
>
>     D. Trial counsel failed to present a coherent defense, by failing to attack the DNA evidence adequately, and by failing to present available evidence that someone other than Dale committed the crime.
>
>     E. Trial counsel failed to meaningfully confront the medical evidence, with respect to the pathologist's opinion as to the time of death.
>
>     F. Trial counsel failed to meaningfully confront Dale's cellmate's testimony by failing to offer evidence regarding where the police found pillows, which could have impeached the cellmate's testimony.
>
>     G. Trial counsel failed to object to the use of a coin flip to select an alternate juror.

    H.    Trial counsel failed to execute his duty of loyalty to his client by becoming romantically involved with the prosecutor.

2.    Counsel representing Dale in post-conviction proceedings, Attorney Brian McEvoy, provided ineffective assistance of counsel:

    A.    By telling Dale that Dale was not obligated to participate by video conference in the post-conviction hearing on November 23, 2004, which led to Dale's refusal to be transported to the video conference facility;

    B.    By failing to inform either the Superior Court when it issued the <u>2004 Order</u> dismissing that post-conviction proceeding, or any courts reviewing the <u>2004 Order</u>, that Attorney McEvoy had advised Dale that Dale was not obligated to participate via video conference in the November 2004 hearing; and

    C.    By continuing to represent Dale, after the issuance of the <u>2004 Order</u>, even though a conflict of interest had developed between Attorney McEvoy and Dale, regarding whether to disclose Attorney McEvoy's advice as one reason Dale had refused transport to the video facility; and

    D.    By telling Dale that the U.S. Supreme Court's denial of certiorari review had essentially extinguished the underlying state habeas petition.

## Discussion

### I.  Statute of Limitations

Respondent argues that the entire § 2254 petition is untimely, and that it should be dismissed pursuant to 28 U.S.C. § 2244(d)(1). Respondent points out that Dale has not demonstrated diligence in pursuing state post-conviction remedies. Respondent does not make any argument, however, as to

5

whether Dale's actual innocence claim -- based largely on trial counsel's failure to call Ruth Knapp as a witness -- is the type of credible gateway claim of actual innocence that might allow a petitioner to obtain relief upon otherwise untimely federal constitutional claims, notwithstanding his lack of diligence. Cf. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013) (actual innocence exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" petitioner in light of that new evidence (citation omitted)).

In the November 17, 2016 Order (Doc. No. 8), this court noted that petitioner had asserted a claim of actual innocence, and concluded, for reasons stated in that Order (Doc. No. 8), that the court lacked the parts of the state court record it needed to evaluate whether, under McQuiggin, Dale had stated a credible actual innocence claim. While respondent has taken steps since that time to augment the record by filing certain state court documents here, the record before this court remains incomplete, in pertinent part. This court lacks access to, for example, any pertinent transcript of the state trial and post-conviction proceedings, which it might use to evaluate whether the petitioner's evidence satisfies the McQuiggin standard. For that reason, and for reasons stated more completely in the

6

November 17, 2016 Order (Doc. No. 8), the district judge should deny the motion to dismiss, to the extent it is based on the statute of limitations, without prejudice to respondent's ability to reassert that defense in a motion for summary judgment, after respondent files a more complete record.

## II. Procedural Default

Respondent argues that Claim 1, relating to the performance of Dale's trial counsel, is procedurally defaulted. In particular, respondent argues that the 2015 Order denied relief on procedural grounds. See Doc. No. 10-6, at 22.

"A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). "[W]hen a state prisoner has defaulted a federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas relief is barred unless the prisoner demonstrates either cause for and prejudice from the default, or actual innocence." Costa v. Hall, 673 F.3d 16, 25 (1st Cir. 2012) (citations omitted). Respondent "bears the burden . . . 'of persuading the court that

7

the factual and legal prerequisites of a default . . . are present.'" Pike v. Guarino, 492 F.3d 61, 73 (1st Cir. 2007).

Here, respondent has made no attempt to address (1) the relevance of procedural default arguments relating to the 2015 Order, given that many of the same claims at issue in that case had been raised in the first state habeas proceeding underlying the 2004 Order; (2) whether the procedural rules cited by the court in the 2015 Order are properly deemed by this court to be "firmly established" and "consistently followed" in New Hampshire; and (3) whether Dale's claims of Attorney McEvoy's ineffective assistance relating to the 2004 Order, and/or Dale's claims of actual innocence of the underlying offenses, would suffice to overcome the procedural defaults here.  Accordingly, respondent's motion to dismiss Dale's § 2254 petition should be denied to the extent it is based on procedural default, without prejudice to respondent's ability to renew that defense in a properly supported motion for summary judgment.

### III. Claim 2, Relating to Post-Conviction Counsel

Respondent argues that Claim 2 should be dismissed, to the extent it seeks federal habeas relief based on Attorney McEvoy's representation of Dale in a state post-conviction proceedings.  Respondent relies on 28 U.S.C. § 2254(i), and cites cases in support of her position.

Section 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). That statute applies to Claim 2 in this case. See Bourdon v. Goings, No. 15-CV-138-LM, 2016 WL 7480266, at *2, 2016 U.S. Dist. LEXIS 179729, at *4-*7 (D.N.H. Nov. 30, 2016) (citing, inter alia, Martinez, 132 S. Ct. at 1320 ("§ 2254(i) precludes [petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief'" (citation omitted)), R&R adopted, No. 15-CV-138-LM, 2016 WL 7480356, 2016 U.S. Dist. LEXIS 179727 (D.N.H. Dec. 29, 2016). Accordingly, respondent's motion to dismiss should be granted, in part, to the extent that Attorney McEvoy's alleged ineffective assistance in post-conviction proceedings may not be litigated as a separate ground for relief, and Claim 2 should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should grant respondent's motion to dismiss (Doc. No. 10), in part, to the extent it seeks dismissal of Claim 2, above, and should otherwise deny the motion. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                          _____
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

March 29, 2017

cc:   James Dale, pro se
      Elizabeth Woodcock, Esq.